Commonwealth *v.* Crawford.

The complaint alleged that the defendant, " on Saturday the second day of August in the year eighteen hundred and fifty six," at Stoneham, did keep a billiard room, " and was then and there the keeper of said billiard room, and did then and there unlawfully and wilfully permit and suffer " certain persons " to play at billiards in said billiard room after the hour of six of the clock in the afternoon of Saturday the second day of August aforesaid."

The defendant, being convicted in the court of common pleas, moved in arrest of judgment, for uncertainty of the complaint, in not showing that the suffering certain persons to play at billiards, alleged to have been after six o'clock in the afternoon of a Saturday, was before midnight of the Lord's day following. *Perkins*, J. overruled the motion, and the defendant alleged exceptions.

*P. Haggerty*, for the defendant.

*J. H. Clifford*, (Attorney General,) for the Commonwealth.

## COMMONWEALTH *vs.* ETHAN A. CRAWFORD.

It is no defence to a complaint for selling intoxicating liquor " to a person whose name is to your complainant unknown," that at the time of making the complaint the complainant's only knowledge of the offence was by information from others.

COMPLAINT on *St.* 1855, *c.* 215, § 15, for selling intoxicating liquor " to a person whose name is to your complainant unknown."

At the trial in the court of common pleas before *Aiken*, J., the complainant testified " that another person told him that the defendant had been selling liquor, and that evidence could be adduced to prove it ; and thereupon the complainant made said complaint." The complainant also testified " that, when he signed said complaint, he neither knew, nor had he been informed of the person, or the name of the person, to whom the supposed sale had been made ; neither did he know, or have any idea, of. the name ·of the person to whom such supposed sale had been made ; nor did he have in his mind any particular transaction ; nor did he know what evidence there was to support said complaint." Another witness testified that he had purchased intoxicating liquor of the defendant.

The defendant requested the court to rule, " that when the complainant signed the complaint, it was necessary that he should either know the person, or the name of the person, to whom the supposed sale had been made, or should have in his mind or be capable of identifying such person."

The court declined so to rule ; but did instruct the jury " that if the complainant knew, or had reasonable and probable cause to know by information from others, that the sale had been made by the defendant, but did not know the name of the per-·son to whom such sale was made, the jury would be warranted in finding the allegation of a sale to a person whose name was unknown, proved ; and, provided they were satisfied that a sale had been made, would return a verdict of guilty." The defendant was convicted, and alleged exceptions.

*J. P. Converse*, for the defendant. The twelfth article of the Declaration of Rights, providing that " no subject shall be held to answer for any crimes or offence, until the same is fully and plainly, substantially and formally, described to him," requires the act, and not' merely the kind of act, to be set forth. And on appeal from the judgment of an inferior court, the defendant has a right to have his trial confined to the same act for which he has been tried in that court. If a complainant, or a grand jury, has not in mind any particular transaction, the defendant may be arraigned for an offence with which he has not been

charged, and tried for an offence on which he has not been arraigned. Rev. Sts. *c.* 135, § 2. *Commonwealth* v. *Blood,* 4 Gray, 31.

*J. H. Clifford,* (Attorney General,) for the Commonwealth.

BY THE COURT. When the person to whom the sale is made is unknown, it may be so alleged. *Commonwealth* v. *Hendrie,* 2 Gray, 504. This complainant had been informed that the defendant had committed the offence charged, and he made oath to the complaint in due form. It was not necessary that at the time of making the complaint he should know the particulars of the transaction, or the name of the person to whom the sale was made.

After the defendant had been tried and convicted before a justice on proof of a sale at a certain time and place, evidence of a sale at a different time and place would be inadmissible in the higher court. But if the offence was well charged and was proved as laid, the legal presumption is *prima facie* that it was the same offence. *Exceptions overruled.*